# Yhwh

"The State of New Mexico, " and, *Donald-Blaine*: [Bailey]; The Organic Assembly of We The People and their Posterity; The unanimous Declaration of the thirteen united States of America: Anno Domini: 1776; Rev. St. 1791, 1792 (Law of This Flag); N. M. S. A. 12-3-2; (Law of this Flag; The Constitution for The United States of America: Anno Domini: 1787, The Ten Articles In addition thereof :1791, 1 Statute, 122, Chapter XI May 26, Anno Domini: 1790; 2 Statute 298, Chapter LVI, Section 2, Anno Domini: 1804, The Organic Act Establishing the Territory of New Mexico; Anno Domini: 1850; Declaration of Rights of the Compiled Laws of New Mexico, of 1897, Sections 3765, 3778, 3779; and, Article twenty one of The New Mexico Constitution, Compact with the United States, Entitled: An act to enable the people of New Mexico to form a constitution and state government and be admitted into the union on an "equal footing with the original states," Approved June twentieth, nineteen hundred and ten; The act of March 3rd, 1911, Sixty first Congress, Session III, Chapter 231, Section 291.[my emphasis]

Second judicial district-305-Little-Johnson-Valley-Road-Kingston - Tennessee;
C/o- 1325-Lopez-Drive- S.W. Albuquerque : New Mexico,
Zip Code Exempt per Public Law 91-375, Section 403 (b) (2) (c),
Domestic Mail Services-122.32., Re: Zip Code Use

In the, District Court for the New Mexico Judicial District
FIRST CONGRESS. SESS. I. CHAPTER 20, SECTION 2

Case #,00-CV-242-JC-LCS

---

*Donald-Blaine*: [Bailey],
The Petitioner,
v
Jeff Romero, Second judicial district attorney; Irma Pluemer, Assist. District attorney; Ronald Grenko, New Mexico Bar licensed attorney; Patricia Madrid, New Mexico Attorney General; Second judicial district for "STATE OF NEW MEXICO" Judges, including, Chief Judge, W. John Brennan, and, Judges Ross C. Sanchez, Albert Murdoch, in and for, "SECOND JUDICIAL DISTRICT COURT"; Re: Case, [CR-97-0-3569], and now [CR 20-747], John H. Clough, Assistant Attorney General, et al., All Respondents are being sued in their Official and Individual capacities and are, the,
Respondents.

---

Re: Rescission of Social Security Policy and Application Notice by Affidavit

To: Whom it may or may not concern

Attached hereto and incorporated herein by this reference, is: Rescission of Social Security Policy and Application Notice by Affidavit, which is an exact copy of the original it represents with the exception of the handwritten notes, etc. on the front page.
The Eddy county N. M. or NM clerk's office personnel refuse to correspond with me per my request for the "cost" of a certified copy of this document. Hence the reason for the attached copy which is all I have access to.
I demand that this Military Tribunal for the NM REGION, et al. at least take judicial notice of this document.

*Donald-Blaine*: [Bailey] Jure sanguinis-Jure coronae



COPY

Received
10/59/92

RESCISSION OF SOCIAL SECURITY POLICY AND APPLICATION
NOTICE BY AFFIDAVIT
NUNC PRO TUNC

RE: PB-90-106-W
AND OTHER LEGAL/
LAWFUL MATTERS

STATE OF NEW MEXICO          ]

County of Eddy               ]          :   Affirmed:

I, the undersigned, a Free White Citizen in New Mexico and thereby in the united States of America, hereby affirm, declare and give notice that:

1.    I, Donald Blaine Bailey, am of lawful age and competent; am a natural born Free White Citizen in the State of New Mexico and thereby in the united States of America, in fact, by right of heritage, within the State of New Mexico, protected by the original Constitution for the united States of America (1787), including its Preamble and the Bill of Rights (1791); retain unalienable rights of God, in positive law embodied in the Declaration of Independence, 1776, binding upon myself and my parentage, this day and for all time; and,

## STATEMENT OF ORIGINAL STATUS

2.    I, Donald Blaine Bailey, a free white Christian male, was born on or about December 23, 1940, in the County of Dickenson, in the State of Virginia, a State of the united States of America; and,

3.    I, Donald Blaine Bailey, was sired by Curtis Thomas Bailey, a free white male, born on or about April 19, 1923, in the County of Southampton, in the State of Virginia, a State of the united States of America; and,

4.    I, Donald Blaine Bailey, was given birth by Effie D. Hawkins, a free white female, born on or about May 23, 1921, in the County of Dickenson, in the State of Virginia, a State of the united States of America; and,

5.    Curtis Thomas Bailey and Effie D. Hawkins were one, joined in the state of Holy wedlock at the time Donald Blaine Bailey was natural born to them; and,

6.    Curtis Thomas Bailey, Donald Blaine Bailey's father, was sired by H. Z. Bailey, a free white male, born, in the County of Isle of Wight, in the State of Virginia, a State of the united States of America; and.

7.    Curtis Thomas Bailey, Donald Blaine Bailey's father, was given birth by Mattie T. Britt, a free white female, born, in the County of Southampton, Virginia, a State of the united States of America; and,

8.    H. Z. Bailey and Mattie T. Britt, were one, joined in the state of Holy wedlock at the time Curtis Thomas Bailey was natural born to them; and,

9.    Effie D. Hawkins, Donald Blaine Bailey's mother, was sired by J. B. Hawkins, a free white male, born in the County of Dickenson, Virginia, a State of the united States of America; and,

RECEPTION
9111157

10.   Effie D. Hawkins, Donald Blaine Bailey's mother, was given birth by Ura Lake Phipps, a free white female, born, in the County of Dickenson, in the State of Virginia, a State of the united States of America; and,

11.   **J.B. Hawkins** and Ura Lake Phipps, were one, joined in the state of Holy wedlock at the time Effie D. Hawkins was natural born to them; and,

## STATEMENT OF CAUSE

12.   Social Security (FICA) is a voluntary social insurance policy which, by submission, suborns me, an otherwise Free, White, Natural, citizen in the State of New Mexico, and thereby in the united States of America, into the Federal jurisdiction that has been created within regional concepts, to divest the posterity of their birthright in the Statute of 1776 [The Declaration of Independence] and to reduce the posterity to mere subjects of the United States and, thereby, reduce the sovereignty of the several States to no affect, as districts, in a scheme of centralized government throughout the national socialist scheme of the Social Security Act; and,

13.   The Social Security (FICA) social insurance scheme is deployed to limit my title of "Citizen," with intent, through misrepresentation, to impair, extort and divest me of my God given Unalienable Rights (viz, natural rights), otherwise protected by the limitations set out in the Organic Law for the united States of America, by requiring me through uninformed, implied and direct, consent (submission) to surrender or limit the affect of my title of American Citizen, to accomplish ends wholly beyond the sphere marked out by the Declaration of Independence (1776), the original Constitution for the united States of America (1787), and the Bill of Rights (1791); and,

14.   The Social Security scheme (FICA) is a stealthy encroachment on. and an easy way to circumvent, the limitation(s) and guarantee(s), provided by "We the people," against singular centralized government, specifically, but not limited to, the limitations and guarantees against abridgment and subornation of my Inalienable and Unalienable Rights of God, as expressed and asserted in the Declaration of Independence (1776), as set out in the original Constitution for the united States of America (1787) and its Bill of Rights (1791), and, as earlier expressed and asserted in the Declaration of Resolves of The First Continental Congress (1774); and,

15.   Participation in Social Security, a social insurance policy, and the agency (power of attorney) scheme thereunder, is an attempt by creatures of the government to compel me into a joint adventure, with regional (interstate and international) statutory implications, of an intragovernmental nature, in the unauthorized jurisdiction(s) that now exist in the United States, codified pursuant to declaratory Amendments not provided for in the Constitution for the united States of America; and,

16.   Only by my informed consent can the government exercise an unauthorized intragovernmental authority over me, in the jurisdiction(s) of the United States, outside the limitations of the original Constitution (1787) and the Bill of Rights (1791); and,

17.  All power (right) belongs within me, to accept or deny control, in areas of law which are not within the jurisdiction of the organic Constitution for

the united States of America (1787) and the Constitutions for the several States, that could pertain, or attempt to pertain, to me, as one of "We the People" of the Preamble to the Constitution for the united States of America (1787), which power (right) is protected by the limitations set out in the 9th Article in amendment to the Organic Constitution Bill of Rights (1791); and,

18.   I was deceived into believing I was required, or could be required, to obtain a Social Security account and number in order to exercise my basic rights of Life, Liberty, and the Pursuit of Happiness; and,

19.   The application for Social Security Account (SS-5) contains no warning of its implications or conditions, nor does it set forth where its implications or conditions might be discovered; and,

## RESCISSION FOR CAUSE

20.   WHEREFORE, formal notice is hereby given, that I, Donald Blaine Bailey, a Free, White, American Citizen and Co-Heir to the limitations set out in the Organic Law.was in fact duped,deceived and misled into submission, without my informed consent, by the(se) device(s) and cloak(s) of the Government(s) of the United States and the several states, do hereby, RESCIND, CANCEL and REPUDIATE   the application for the aforesaid undermining Social Insurance scheme and reclaim my title as a Free, White, citizen in the State of New Mexico, and thereby in the united States of America, and Co-Heir to the Declaration of Independence (1776), and, do hereby rescind said Social Insurance account and number, 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, and the agency represented thereby, and, specifically deny any consent, whatsoever, to be governed by this unauthorized jurisdiction, for the past, this day, and all time; and,

21. WHEREFORE, formal notice is also given, that I, Donald Blaine Bailey, hereby repudiate all statutory benefits and obligations of the aforesaid social insurance scheme; that I absolutely will not use accounts established thereunder, identifying numbers or other identifiers, which represent said account, except to repudiate same; and, that I will not apply for, receive, collect, or attempt to apply for, receive, or collect, any privilege or benefits established under said social insurance scheme, whatsoever; and, that said numbered account will be treated as though it never had been established as fully and completely as if same had never been applied for or assigned; and,

## INTENT

22.   My intent is to be a Free, Lawful, Natural American Citizen and Co-Heir to the Organic Law as stated in The Declaration of Independence (1776) and as restated in the Preamble to the Constitution for the united States of America (1787), which I am in fact by said Organic Law; to claim my God given Rights declared by the Statute of 1776, and the limitations on government set out in the original Constitution for the united States of America (1787) and its Bill of [Limitations] Rights (1791); and to reestablish myself as an American Citizen (de jure), pursuant to my rights as a Co-Heir to the Statute of 1776 and the Organic Law, to the end of preserving the Christian Republic of the untied States of America as formed, and limited, by the Constitution for the united States of America (1787), and further limited by the Bill of Rights (1791); and,

BOOK 108 PAGE 146

## NOTICE TO TRESPASSER

23. This is notice to all who would subject me to a deprivation of my rights and corresponding responsibility, as an American Citizen pursuant to the Statute of 1776 (The Declaration of Independence). All claimants have 30 days from the date of this "Notice by Affidavit" to make any claims such claimants may wish to assert in a Court of organic Article III judicial authority; failure to do so is an admission of estoppel and laches upon all comers. Any further deprivation of my vested rights as an American Citizen by any governmental agent(s) or agency(ies) will be, by its taking place, a declaration of Mixed War between codified statutory law and common law, waged against me, by whatever person or entity who might commit such trespass, and will be remedied by whatever action is necessary and lawful taking into account the moral gravity of the deprivations in the particular instance; and,

24. The statements and information contained herein are true and correct to the best of my knowledge; and are set forth for cause, superseding any previous denials of aforementioned I may have made to date; and my signature and seal hereafter are the voluntary act of my own hand; and.

*FURTHER AFFIANT SAITH NOT.*

Subscribed, sealed and affirmed this 29ᵗʰ day of OCTOBER, in the Year of our Lord and Savior, Nineteen Hundred and Ninety-one, in the County of Eddy.

_____
Donald Blaine Bailey  - Affiant
Fifth Judicial District
7107 Cholla Road
Carlsbad, Eddy County, New Mexico

We, the undersigned, witness this day that the one known to us to be the above signator did personally appear before us in the County of Eddy and upon affirmation did execute and affix the above signature and seal hereto.

_____, a citizen of the State of NEW MEXICO

_____, a citizen of the State of NEW MEXICO

Carlee Satterfield, a citizen of the State of New Mexico

BE IT KNOWN that the above signatory did personally appear before me in the County of Eddy, this same day and upon his affirmation did execute and affix the above signature and seal hereto.

_____
Signature of Officer Administering Affirmation

_____
Title of Officer Administering Affirmation

SEAL

Page 4 of 4 - RESCISSION OF SOCIAL SECURITY POLICY AND APPLICATION - NOTICE BY AFFIDAVIT

STATE OF NEW MEXICO, County of Eddy, ss.   I hereby certify that this instrument was filed for record on the 29 day of October, A.D. 19 91 at 2:47 o'clock P. M., and duly recorded in BOOK 108 PAGE 143 of the Eddy County Records.

KAREN DAVIS, County Clerk        By _____ Deputy

Pleading Separator Sheet USDC NM

joe   Case Number: 98cv762

Stephenson, USA

Document #:   41



98cv762+41+2000-06-08

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

**JUN 0 8 2000**

Robert M. March
CLERK

STACIE STEPHENSON. on behalf of ) 
ZACHARY STEPHENSON. )
  )
        Plaintiff, )
  )
    - vs. - )    Civil No. 98-762 BB/DJS (ACE)
  )
THE UNITED STATES OF AMERICA, )
  )
        Defendant. )

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the stipulation by and between the parties, subject

to the approval of the Court, that:

1.    Plaintiff has made requests for production of documents from Defendant and may

seek information from witnesses who are employed by Defendant in the course of discovery that

Defendant believes is or may be subject to the protections of the Privacy Act of 1974, 5 U.S.C.

§552a, or which may otherwise intrude on the privacy interests of third persons not before the

Court under standards set forth by the Privacy Act. Plaintiff may seek additional documents

and/or information of this nature during the course of this litigation. The parties agree to this

Stipulated Protective Order in order to permit the parties to discover information relevant to this

case without undermining the legislative purposes underlying the Privacy Act. and/or without

undermining the privacy interests of third persons.

2.    It is hereby agreed that. whenever Defendant believes that formal or informal

discovery in this case, in whatever form, may reveal or has revealed information which may be

within the scope of the provisions of the Privacy Act, or which would be deemed protected under



the statutory standard set forth in the Privacy Act, counsel for Defendant shall designate such information private under the standards set forth in the Privacy Act and subject to this Stipulated Protective Order by letter mailed to counsel for Plaintiff, or by marking the documents in a manner that clearly indicates such designation.

3.      All documents and/or information designated as subject to this Stipulated Protective Order shall be used by solely by counsel for the parties and counsel's agents or employees, solely for the purposes of this litigation.  The documents shall be kept strictly confidential by Plaintiff and her attorneys and Defendant's attorneys, and shall not be disclosed or made available to anyone except as specifically provided in this Order, or by such further Order as the Court may enter.

4.      The documents may be disclosed without further Court approval only to the following: (1) the Court, as exhibits to motions or as trial exhibits subject to the provisions of paragraph 5 below, (2) Plaintiff and Defendant and their attorneys of record and agency counsel in this action, and their agents and employees, and (3) persons retained by, or at the request of, attorneys of record to assist in this case, including but not limited to attorneys, physicians, economists and other consultants or experts.  Any person provided with access to documents and/or information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court.  However, nothing in this Stipulation shall be construed to prohibit use of documents by the agency in the regular course of business as permitted by the Privacy Act, 5 U.S.C. § 552a(b).

5.      The parties to this Stipulated Protective Order may file with the Clerk any portion of discovery materials containing documents and/or information designated as subject to this

- 2 -

Order in a redacted form.  If the parties intend to file any motion, opposition, reply or any other filing prior to trial and attach thereto, or set forth therein, any portion of the information that Defendant has designated as subject to this Order, the parties may file the materials subject to this Order in a redacted from excluding the information subject to this Order.  In the event a party believes that the material cannot be redacted, the party shall: (i) file the material in the Clerk's Office in sealed envelope on which shall be endorsed the title of this action, a brief description of the contents of such sealed envelope, and the words "Submitted With a Request to Seal"; (ii) file a motion for an order to seal the contents of sealed envelope together with a proposed order for the Court's consideration; and (iii) serve a copy of the unredacted materials upon all other parties.

6.      It shall be the responsibility of the attorneys of record in this action to employ, consistent with this Order, reasonable measures to control duplication of, access to, and distribution of the documents.

7.      Except as provided herein, no person having access to material designated as subject to this Order shall make public disclosure of any of the material without further Order of the Court or authorization of the Defendant.

8.      All documents and copies of documents designated as subject to this Order shall be destroyed or returned to the defendant's counsel within ninety (90) days of the conclusion of all trial and appellate proceedings in this case.  If the documents are destroyed, counsel shall so notify defendant's counsel in writing.  This provision shall not apply to (i) documents for which the defendant's designation has been withdrawn or terminated, (ii) documents filed pursuant to

paragraph three, and (iii) documents that have been introduced at trial or that contain information that has otherwise become public.

9.      Nothing contained in this Order shall be construed as precluding the parties to the stipulation from introducing materials which are subject to this Order, or the contents thereof, into evidence at trial of this case.

10.      Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel for Defendant to counsel for Plaintiff, or by an Order of the Court enter sua sponte or on the motion of any party.  This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

It is so ORDERED by this Court this _____ day of _____, 2000.

_____
UNITED STATES MAGISTRATE JUDGE

Submitted by,

S/ Elizabeth M. Martinez
Elizabeth M. Martinez
Assistant United States Attorney
Counsel for Defendant

Approved on 06/02/00 by
Stephen LeCuyer
Mettler & LeCuyer
Counsel for Plaintiff

- 4 -