CLERK'S COPY

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 0 9 2000

*signature*
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD-BLAINE: BAILEY,

    Petitioner,

v.    No. CIV-00-0242 JC/LCS

JEFF ROMERO, SECOND
JUDICIAL DISTRICT ATTORNEY,
IRMA PLUEMER, ASSIST.
DISTRICT ATTORNEY,
RONALD GRENKO, NEW
MEXICO BAR LICENSED ATTORNEY,
PATRICIA MADRID, NEW
MEXICO ATTORNEY GENERAL,
ALL, OFFICIALLY AND INDIVIDUALLY,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss (Doc. #13) filed April 12, 2000, by Respondents Romero, Pluemer, and Madrid ("Respondents"). Respondents assert that they are immune to Petitioner's claims. They also argue the Court should abstain from considering the petition, and the petition fails to state claims against Respondents. Petitioner appears pro se and is proceeding in forma pauperis. For the reasons below, the motion will be granted.

This proceeding was commenced by the filing of Petitioner's "Emergency Request for Hearing; Temporary Restraining Order; and Declaratory Judgment," which contains eighteen pages of allegations relating to, *inter alia*, state criminal proceedings against him. The relief sought is a temporary restraining order staying criminal proceedings until a determination is made whether Petitioner "is, or is not, a citizen of the United States, within the meaning, purpose, and intent of the Fourteenth Amendment . . . , and if not, whether or not the Petitioner is still amenable to procedural

due process." In subsequent filings Petitioner asks that his pleadings be interpreted as an application for writ of habeas corpus (Doc. #16), and the constant oppression by state authorities be enjoined (Doc. #17). Petitioner also asks that the Court "affirm" his identity; assign a new number to the case; declare whether the grand jury issued a true bill and whether his cash bond should be released; and prohibit the State of New Mexico, as a fictitious entity, from prosecuting him (Doc. #24). The various filings are construed herein together as the "petition."

For purposes of analysis, the petition is reviewed according to the two types of relief sought: (1) injunctions and (2) other equitable and declaratory orders. First, Petitioner asks that certain criminal proceedings against him be stayed ("cease temporarily") and the State be prohibited from oppressing and prosecuting him. These requests for injunctive relief are barred by the provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state court proceedings except in very limited circumstances. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977). This Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." § 2283. "[A]ny injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973).

> Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act. The Act's purpose is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court.

*Vendo*, 433 U.S. at 630; *see also Vernitron Corp. v. Benjamin*, 440 F.2d 105, 108 (2d Cir. 1971)

(§2283 prohibits "enjoining of state court suits except in those situations where the real or potential conflict threatens the very authority of the federal court"). None of the statutory exceptions is invoked by Petitioner, and the requests for injunctive relief will be denied.

Second, the petition seeks a variety of other equitable and declaratory relief, namely, to "affirm" whether Petitioner "is, or is not, a citizen of the United States, within the meaning, purpose, and intent of the Fourteenth Amendment . . . , and if not, whether or not the Petitioner is still amenable to procedural due process;" to declare whether the grand jury issued a true bill and whether a cash bond should be released; and to construe the petition as an application under 28 U.S.C. § 2254 and assign a new number to the case. These requests will be denied. The Court will not "affirm" Petitioner's identity because the request presents no issue for decision by the Court. *See Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994). Alternatively, if Petitioner's identity were material to the state proceedings, the requested declaration would, as discussed above, offend 28 U.S.C. § 2283. For the same reasons, the requested declarations regarding the bill issued by the grand jury and Petitioner's cash bond will also be denied. And last, the petition will not be construed as an application for writ of habeas corpus because Petitioner makes no allegation that he has exhausted state court remedies, § 2254(b)(1)(A), nor will the case be assigned a new number. The petition will be dismissed.

IT IS THEREFORE ORDERED that Respondents' motion to dismiss (Doc. #13) filed April 12, 2000, is GRANTED; Petitioner's petition will be DISMISSED; and a form of judgment will be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE